PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MA'LIK RICHMOND,                    )
                                    )    CASE NO.  4:17CV1927
            Plaintiff,              )
                                    )
      v.                            )    JUDGE BENITA Y. PEARSON
                                    )
YOUNGSTOWN STATE UNIVERSITY,        )    **MEMORANDUM OF OPINION**
                                    )    **AND ORDER GRANTING TRO**
            Defendant.              )    [Resolving ECF No. 3]


The within matter came on for hearing upon Plaintiff's Motion for Temporary

Restraining Order (ECF No. 3).

After notice to the parties, the Court held a hearing on the motion.  The Court has been

advised, having reviewed the record, the parties' briefs and the applicable law.  The Court has

also considered the oral arguments of counsel.

Four factors are important in determining whether a temporary restraining order is

appropriate:  (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction

will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and

(4) whether the public interest would be served by the injunction.  *PACCAR Inc. v. TeleScan*

*Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003) (overruled on other grounds in *KP Permanent*

*Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)); *In re DeLorean Motor Co.*,

755 F.2d 1223, 1228 (6th Cir. 1985).  The test is a flexible one and the factors are not

prerequisites to be met, but must be balanced.  *In re DeLorean Motor Co.*, 755 F.2d at 1229.  In

balancing the four considerations applicable to temporary restraining order decisions, the Court

holds that equitable relief is appropriate at this time.

1.   At this early stage, it is not clear that Plaintiff will prevail on the merits of each claim.

Plaintiff's Title IX claim is viable for reasons made known on the record, including its reference

by Youngstown State University to explain the decision banning Plaintiff from playing football.

The expedited discovery appears targeted to address this claim, and further develop its merits.

The breach of an agreement or contract claim is viable as well.  Therefore, it is likely, at this

stage of the litigation, that Plaintiff's claims will succeed.

2.   For the reasons stated on the record, that Plaintiff will suffer irreparable harm is

patent.  This is due, in part, to the public nature of being banned from playing football due to past

behavior---non-YSU student related behavior---without notice, or process.  Defendant's

statement explaining its reasons for banning Plaintiff from playing repeats that Plaintiff was in

"good standing" while acknowledging that he would forfeit a year of eligibility as a result of the

ban.  This forfeiture of eligibility is a harm that, while not dispositive, bodes in favor of granting

the temporary restraining order.

3.    To the extent there is harm to Defendant, that harm is self-inflicted.  Any harm to the

greater community is uncertain as public opinion, both in favor and against, banning Plaintiff has

been made known.

4.  The public has great interest in promoting respect for the law and the safety of our

communities, including college campuses.  Concomitantly, the public has great interest in its

public institutions meeting reasonable expectations, and keeping promises that rise to the level of an agreement, and honoring its contracts.

For the reasons indicated on the record, Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is granted. In this case, Plaintiff was on the active roster and played football for Defendant this academic year. The status quo shall be maintained.

Accordingly, during the pendency of this case, Defendant is prohibited from either (i) removing Plaintiff from the active player roster of its football team or (ii) forbidding Plaintiff to play in games, unless such actions result from legitimate coaching decisions based solely upon criteria the coach would apply in evaluating other members of the team.

Plaintiff's Motion for Preliminary Injunction (ECF No. 3) shall come on for hearing on September 28, 2017 at 2:00 p.m., in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio.


IT IS SO ORDERED.


__September 14, 2017__                    __/s/ Benita Y. Pearson_____
Date                                                      Benita Y. Pearson
                                                           United States District Judge